## H. SACKS & SONS, INC. *vs.* METROPOLITAN DISTRICT COMMISSION.

Middlesex. December 10, 1984. — May 15, 1985.

Present: GREANEY, C.J., KAPLAN, & SMITH, JJ.

*Governmental Immunity. Nuisance.*

An action could be brought against the Commonwealth by a tenant on land owned by the Metropolitan District Commission for damages to the tenant's personal property caused by a private nuisance allegedly created or maintained by the commission prior to the enactment of G. L. c. 258, the Massachusetts Tort Claims Act. [46-48]

CIVIL ACTION commenced in the Superior Court on January 19, 1977.

The case was heard by *John L. Murphy, Jr.*, J., on a motion for summary judgment.

*Michael J. Stone* for the plaintiff.

*Francis G. Chase*, Assistant Attorney General, for the defendant.

SMITH, J. H. Sacks & Sons, Inc. (Sacks), by complaint entered January 19, 1977, brought a negligence action in the Superior Court against the Metropolitan District Commission (MDC). The complaint alleged that, as a result of the negligence of the MDC in the operation of a dam that it controlled, damage was caused to Sacks' property on February 3, 1976. The MDC filed a motion for judgment on the pleadings. Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974). The sole ground for the motion was that the alleged negligent acts of the MDC occurred prior to August 16, 1977, and thus were not governed by G. L. c. 258, inserted by St. 1978, c. 512 (the Massachusetts Tort Claims Act), which abolished the general rule of sovereign immunity.[1] The motion

---

[1] Because the MDC is one of the operating departments of the Commonwealth, it was within the scope of sovereign immunity. *Mitchell* v. *Metro-*

was allowed. Subsequently Sacks' motions to amend the judgment and for leave to file an amended complaint were allowed.

Sacks then filed an amended complaint, adding a count in nuisance. The MDC filed a motion for summary judgment, which was denied. Later the MDC moved for reconsideration of its motion. In its affidavit that accompanied its motion for summary judgment the MDC asserted that it was the owner of the real property allegedly damaged and that Sacks was a tenant. In addition, the MDC stated that Sacks, in its answers to interrogatories, stated that the only damage it suffered was to personal property. In a counter affidavit Sacks admitted that it was a tenant and not the owner of the property. That affidavit was silent as to the MDC's claim that Sacks had incurred damages to personal property only. The MDC argued, in regard to its motion, that under the law that applied at the time that the alleged acts of the MDC occurred, the Commonwealth was immune from liability if it created or maintained a private nuisance which caused injury to the personal property of another. The MDC cited *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 619 (1973), as support for its position. On reconsideration the judge granted summary judgment, and the plaintiff has appealed. The plaintiff contends that the doctrine of sovereign immunity does not apply to the facts in this matter and also cites *Morash & Sons* v. *Commonwealth* as support for its argument.

In *Morash* the plaintiff filed a petition in equity against the Commonwealth seeking to enjoin the Commonwealth from storing road salt on State property and seeking damages resulting from the pollution of the plaintiff's water supply by such storage. The plaintiff argued that the Commonwealth's use of its land constituted a private nuisance. Because the alleged acts of the Commonwealth occurred years before the enactment of the Massachusetts Tort Claims Act, a judge dismissed the petition, ruling that the doctrine of sovereign immunity was a complete defense to the action. The court reversed the judge.

*politan Dist. Commn.*, 4 Mass. App. Ct. 484, 487-488 (1976). *Green* v. *Commonwealth*, 13 Mass. App. Ct. 524, 525 (1982).

It ruled that "the Commonwealth is not immune from liability if it creates or maintains a private nuisance which causes injury to the real property of another." *Id.* at 619. The MDC has seized on the phrase "real property of another" and argues that the court in *Morash* limited the exemption from sovereign immunity to those who have suffered injury from a private nuisance to real property.[2] Thus, the MDC claims that the plaintiff cannot bring action against it because it was a tenant who suffered damage only to its personal property.

We believe that the MDC (and the motion judge) have given too restrictive a reading to the *Morash* decision. In that case the court ruled that the "municipalities of Massachusetts are liable for private nuisances and there is no logical reason why the Commonwealth should not be similarly liable." *Id.* at 616. The court's extension to the Commonwealth of the liability of municipalities for private nuisances is of significance to our decision. It has long been established that "[t]he liability of a municipality as owner of land or of a building for a private nuisance *is the same as that of a natural person* (emphasis supplied). *Kurtigian* v. *Worcester*, 348 Mass. 284, 288 (1965).

The right of a private person to bring an action for an injury caused by a private nuisance is broad and apparently without limitation. A tenant has been allowed to maintain an action for a private nuisance. *Sherman* v. *Fall River Iron Works Co.*, 2 Allen 524, 526 (1861). *United Elec. Light Co.* v. *Deliso Constr. Co.*, 315 Mass. 313, 321 (1943) ("[A]nyone who has been injured by a private nuisance is entitled to recover for the damage resulting to him"). It is not a defense to a private nuisance action that the property damaged was personal property and not real property. *United Elec. Light Co.* v. *Deliso Constr. Co.*, *supra* at 319 ("The defendant had no more right to injure [the plaintiff's property] because it was personal property than it would have if it had become a part of the realty"). Thus, a private person could bring an action against another

---

[2] In making its argument, the MDC ignores the fact that in *Morash* the court did not need to address a question of damage to personal property as it was real property only that was allegedly damaged.

even if he was a tenant and the claimed damage was to his personal property.

The reason that the court has refused to extend sovereign immunity where there is a nuisance maintained on real estate owned or controlled by a municipality is appropriate to the facts here. In the *Kurtigian* case the court said, "Public policy in a civilized community requires that there be someone to be held responsible for a private nuisance on each piece of real estate, and, particularly in an urban area, that there be no oases of nonliability where a private nuisance may be maintained with impunity." *Kurtigian* v. *Worcester,* 348 Mass. 284, 291 (1965), quoted in *Morash & Sons* v. *Commonwealth, supra* at 619. Therefore, we hold that prior to the enactment of G. L. c. 258 an action could be brought against the Commonwealth by a tenant for damages to his personal property caused by a private nuisance allegedly created or maintained by the Commonwealth.[3]

The judgment is vacated, and the case is remanded to the Superior Court.

*So ordered.*

---

[3] There is nothing in *Green* v. *Commonwealth,* 13 Mass. App. Ct. 524 (1982), that forecloses the result we reach today. We are not creating another judicial exception to the doctrine of sovereign immunity, as it existed prior to the enactment of G. L. c. 258. Our decision is nothing more than a logical extension of the decision in *Morash & Sons* v. *Commonwealth, supra.*