H. SACKS & SONS, INC. *vs.* METROPOLITAN DISTRICT COMMISSION. June 16, 1986. *Nuisance. Commonwealth,* Liability for nuisance. *Governmental Immunity.*

The plaintiff's amended complaint sought recovery for damage to its personal property by virtue of an alleged private nuisance. A judge of the

---

Superior Court in Middlesex County allowed a motion by the defendant, Metropolitan District Commission (MDC), for summary judgment under Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974).[1] In doing so, the judge relied on *Green* v. *Commonwealth,* 13 Mass. App. Ct. 524 (1982), for the proposition (as he thought) that, while the Commonwealth and its agencies might by liable for maintenance of a private nuisance, such liability was limited to damage to real estate only. See *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 614 (1973) ("just as in the case of its political subdivisions, the Commonwealth is not immune from liability if it creates or maintains a private nuisance *which causes injury to the real property of another"* [emphasis supplied]).

In this case, the plaintiff was a tenant of the MDC and suffered damage to its personalty when water contained by an MDC dam was allowed to overflow and flood the plaintiff's place of business. On appeal by the plaintiff, the Appeals Court concluded that neither the decision in *Morash, supra,* nor that in *Green, supra,* warranted the trial judge's granting of summary judgment for the MDC. *H. Sacks & Sons* v. *Metropolitan Dist. Comm'n,* 20 Mass. App. Ct. 45 (1985). We granted the MDC's application for further appellate review. Mass. R. A. P. 27.1, as amended, 367 Mass. 922 (1975). We agree with the decision of the Appeals Court, and reverse.

It is not necessary to restate the law, as it is set forth correctly in the opinion of the Appeals Court. We need state only three points. First, *Green* is inapposite, as it is a negligence case and not a private nuisance case. Second, *Morash* expressed the law of private nuisance in terms of damage to real estate because that question was the issue before the court. Third, the common law doctrine of private nuisance, as it developed with regard to municipalities and extended to the Commonwealth in *Morash,* recognized the claim of tenants and others for damage to personal property. *Sacks, supra* at 47 (and cases cited).

Judgment for the MDC is vacated, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Michael J. Stone* for the plaintiff.
*Francis G. Chase,* Assistant Attorney General, for the defendant.

---

[1] The incident occurred before the enactment of G. L. c. 258 (Massachusetts Tort Claims Act).