WOODROW J. ALLEN, JR., *et al.*, Petitioners-Appellants, v. THE ELECTORAL BOARD OF ST. CLAIR COUNTY, Respondent-Appellee.

Fifth District   No. 5—86—0524

Opinion filed October 2, 1986.

HARRISON, J., dissenting.

Frank A. Conard, of St. Charles, Missouri, for appellants.

Robert Sprague, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal concerns contested nominations for two St. Clair County elected offices. After a primary election, the Republican county central committee of St. Clair County voted unanimously to authorize its executive committee to fill vacancies on the general election ballot. The executive committee nominated Jeffrey A. Barnes for county board chairman and Woodrow J. Allen Jr., for county treasurer. An objection to these nominations was filed. After a hearing, the electoral board of St. Clair County sustained the objection. Barnes and Allen appealed to the circuit court of St. Clair

County, which denied the petition of Barnes and Allen. Petitioners appeal to this court. We reverse.

Petitioners argue the county electoral board misconstrued section 7—11.1(3) of the Election Code to require the central committee as a whole to vote to fill a vacancy on the general election ballot rather than delegate this authority to committee. (Ill. Rev. Stat. 1985, ch. 46, par. 7—11.1(3).) While the electoral board did not render a written decision or state reasons for sustaining the objection, we have examined the record and conclude the basis for the electoral board's decision was that this delegation of authority was unauthorized. In this appeal the electoral board contends (1) no "vacancy" existed to fill, and (2) the executive committee of the Republican central committee was without authority to fill the vacancies. Petitioners reply the electoral board has waived the "no vacancy" argument.

■ The rule of waiver is a limitation on the parties, not the courts. Appellate courts have disregarded the waiver rule in order to achieve a just result and may do so to maintain sound and uniform precedent. (*People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1978), 58 Ill. App. 3d 28, 31, 373 N.E.2d 772, 774, *aff'd* (1980), 78 Ill. 2d 381, 400 N.E.2d 918.) Accordingly, we deem it appropriate to consider the issues raised. In any event, as a general rule an appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for such point was before the trial court. *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285, 287.

It appears from the record that the existence of a vacancy was assumed in proceedings before the electoral board and the circuit court. However, this record does not indicate the existence of a "vacancy" as that term is used in section 7—11.1(3). That section concerns vacancies in office. On this record there was no vacancy in office. Section 25—2 of the Election Code states when an office is deemed vacant. (Ill. Rev. Stat. 1985, ch. 46, par. 25—2.) None of the situations described in section 25—2 are shown on this record.

■ It appears instead that the vacancy which existed in this case was a vacancy in nomination. (See Ill. Rev. Stat. 1985, ch. 46, par. 7—61.) In this appeal the electoral board argues section 7—61 applies only to "special elections." We disagree. The first sentence of section 7—61 states the provisions of "this Article" are applicable to nomination of candidates to be voted for at special elections. However, "this Article" refers not only to section 7—61, but to all sections 7—1 through 7—65. See Ill. Rev. Stat. 1985, ch. 46, par.

7—1.

■ The electoral board argues that if a vacancy in nomination existed here, there are "at least twelve requirements" petitioners did not comply with under section 7—61. The latter contention has no foundation in the record on appeal. Not only is petitioners' compliance or not with section 7—61 not shown, it was not argued of record before the electoral board or the circuit court, and it appears such requirements were not the basis of the objections to petitioners' nominations. In any event, with the exception of the requirement that nominations be duly made by vote of the central committee, it appears the other requirements of section 7—61 are technical only. Substantial and not literal compliance is sufficient with respect to the technical requirements of election laws, as opposed to those requirements intended to guarantee a fair and honest election. *Madden v. Schumann* (1982), 105 Ill. App. 3d 900, 903-04, 435 N.E.2d 173, 176.

Thus we return to the question this record indicates was actually considered by the electoral board and the circuit court, the question whether the Republican central committee was authorized to delegate the nomination of the candidates to the executive committee of the central committee. Section 7—1 of the Election Code provides that nominations shall be made in the manner provided in article 7 (Ill. Rev. Stat. 1985, ch. 46, par. 7—1 *et seq.*) and not otherwise (Ill. Rev. Stat. 1985, ch. 46, par. 7—1). Section 7—61 provides that in proceedings to fill a vacancy in nomination "each precinct, township, [or] ward ***, as the case may be, shall through its representative on such central or managing committee, be entitled to one vote for each ballot voted in such precinct, township, [or] ward ***,. as the case may be, by the primary electors of its party at the primary election immediately preceding the meeting at which such vacancy is to be filled." (Ill. Rev. Stat. 1985, ch. 46, par. 7—61.) Section 7—8(i) states: "Each committee and its officers shall have the powers usually exercised by such committees and by the officers thereof, not inconsistent with the provisions of this Article. The several committees herein provided for shall not have power to delegate any of their powers, or functions to any other person, officer or committee, but this shall not be construed to prevent a committee from appointing from its own membership proper and necessary subcommittees." Ill. Rev. Stat. 1985, ch. 46, par. 7—8(i).

■ Does this provision authorize the Republican central committee to delegate the task of filling vacancies in nomination to its executive committee? We believe it does. The first sentence of section

7—8(i) recognizes the inherent powers of the central committee. Our supreme court has observed the election laws do not confer the power of nomination on political parties, but recognize the existence of that power. (*People ex rel. Kell v. Kramer* (1928), 328 Ill. 512, 516, 160 N.E. 63, 64.) Pursuant to section 7—8(i) the central committee may exercise all usual powers not expressly prohibited by article 7 and may delegate its authority to subcommittees of its own members. This necessarily implies the central committee may in a proper case remove voting authority from its own membership as a whole and place that authority in a smaller group. Article 7 does not specifically prohibit doing so in the situation of filling a vacancy in nomination.

The opinion of the Attorney General cited to this court by the electoral board does not require a contrary result. In that opinion (1976 Ill. Atty. Gen. Op. 70), the proposition is stated that the county central committee must act in accordance with the statute and may not establish a different method of voting. However, this provision concerns "weighted" voting required by statute. It does not concern delegation of authority to a proper committee. In any event, "weighted" voting was not affected by the central committee's unanimous vote to delegate authority to a subcommittee in this case.

We are compelled to conclude that the Election Code does not prohibit the practice objected to and that the objection on that basis should have been overruled. Accordingly, the judgment of the circuit court of St. Clair County is reversed, and this cause is remanded to the electoral board of St. Clair County with directions that petitioners' names be restored to the general election ballot.

Judgment reversed; cause remanded with directions.

KASSERMAN, P.J., concurs.

HARRISON, J., dissenting:

The authority of a county central committee to nominate candidates under section 7—11.1 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 7—11.1) is, by the express terms of that statute, limited to situations where a vacancy has occurred in an elective office and that vacancy is to be filled by election pursuant to section 25—11 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 25—11). Under section 25—2 of the Code (Ill. Rev. Stat. 1985, ch. 46, par. 25—2), an elective office is deemed to be vacant upon the hap-

pening of any one of eight enumerated events before the term of such office has expired, including the death of the incumbent, his or her resignation, or his or her removal from office. None of the events listed in section 25—2 has been shown to have taken place in this case. To the contrary, petitioners conceded at oral argument that the offices for which they were nominated continue to be occupied. There being no "vacancies" for those offices, section 7—11.1(3) cannot apply, and petitioners' nominations pursuant to that statute were improper.

The applicability of section 7—11.1(3) (Ill. Rev. Stat. 1985, ch. 46, par. 7—11.1(3)) was not questioned below and has been raised by respondent for the first time on appeal. Petitioners therefore assert that the issue must be deemed to have been waived. As petitioners themselves have acknowledged in their reply brief, however, the rule of waiver is not absolute. It is a limitation on the parties, not the courts. Supreme Court Rule 366 (87 Ill. 2d R. 366) permits a reviewing court, in the exercise of its responsibility for a just result and for the maintenance of a sound and uniform body of precedent, to ignore considerations of waiver and decide a case on grounds not properly raised or not raised at all by the parties. (*City of Wyoming v. Liquor Control Com.* (1977), 48 Ill. App. 3d 404, 407-08, 362 N.E.2d 1080, 1083; *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 609, 456 N.E.2d 958, 964.) Similarly, our supreme court has held that assumptions by the parties as to the interpretation and applicability of a statute cannot preclude a reviewing court from conducting an independent assessment of the statute and in appropriate cases holding contrary to those assumptions. (*People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 677, 281 N.E.2d 757, 759, citing *City of Aurora ex rel. Egan v. YMCA* (1956), 9 Ill. 2d 286, 137 N.E.2d 347.) Although a court of review should not and will not consider different theories or new questions if proof might have been offered to refute or overcome them had they been presented at trial (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831, 832), the concession by petitioners that the offices for which they were nominated are currently occupied precludes such a possibility here. Given that the incumbents remain in office, no possible additional evidence could be adduced to alter the conclusion that section 7—11.1(3) (Ill. Rev. Stat. 1985, ch. 46, par. 7—11.1(3)) is inapplicable. To this extent the majority is correct.

Petitioners themselves have never claimed that their nominations can be legitimized under any provision of the Election Code other

than section 7—11.1(3) (Ill. Rev. Stat. 1985, ch. 46, par. 7—11.1(3)). The majority attempts to invoke section 7—61 (Ill. Rev. Stat. 1985, ch. 46, par. 7—61), which states that a vacancy in nomination will be deemed to have occurred:

> "when a candidate who has been nominated under the provisions of this Article 7 dies before the election (whether death occurs prior to, on or after the day of the primary), or declines the nomination; provided that nominations may become vacant for other reasons." (Ill. Rev. Stat. 1985, ch. 46, par. 7—61.)

It further states:

> "If the name of no established political party candidate was printed on the consolidated primary or general primary ballot for a particular office and if no person was nominated as a write-in candidate for such office, a vacancy in nomination shall be created which may be filled in accordance with the requirements of this section." Ill. Rev. Stat. 1985, ch. 46, par. 7—61.

In this case, however, there is no way to tell from the record whether any of these specified events took place. The evidence does not disclose whether any candidate of any party appeared on the primary ballot or was nominated by write-in for either of the offices at issue here. One cannot tell whether any Republican candidates who may have been so nominated died or proved unwilling to stand for election on November 4, and there is no factual basis to find any other legally cognizable reason why the nominations might be considered vacant under the statute. "[I]t is not the function of a reviewing court to tread beyond the record and to engage in speculation." (*In re Marriage of Glessner* (1983), 119 Ill. App. 3d 306, 313, 456 N.E.2d 311, 316.) Yet, that is precisely what the majority has done. Its apparent confidence that a vacancy in nomination occurred is completely unfounded. Under these circumstances, the statute can be of no aid to petitioners here.

For the foregoing reasons, I believe that petitioners' nominations were not authorized under the Election Code and their names were properly stricken from the ballot for the November 4, 1986, general election. The judgment of the circuit court of St. Clair County should therefore be affirmed.