JOAN F. LANE *vs.* COMMONWEALTH & others.[1]

Suffolk. September 14, 1987. — January 19, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Governmental Immunity. Commonwealth, Liability for tort. Common Law. Actionable Tort. Trade Secret. Injunction.*

This court, affirming a judgment of dismissal in favor of the Commonwealth and two of its agencies, expressed the view that, if the plaintiff proved, in a separate action, her allegations that employees of the Department of Revenue and its bureau of accounts had wrongfully and knowingly used, and continue to use, her trade secrets in a computer software package used to compile financial data, she might be entitled to injunctive relief under the common law and general principles of equity, but concluded that any injunction granted should be focused only on the supervisory officials in the bureau or the department, or both, who are responsible for any continuing misuse of the trade secrets, or on their subordinates. [550-553]

CIVIL ACTION commenced in the Superior Court Department on February 27, 1986.

A motion to dismiss was heard by *George C. Keady, Jr.,* J., and a motion to amend the complaint was heard by *John F. Moriarty,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William F. Spallina* for the plaintiff.

*Lisa A. Levy,* Assistant Attorney General, for the Commonwealth & others.

WILKINS, J. The plaintiff Lane claims that employees of the bureau of accounts (bureau) and other employees of the Department of Revenue (department) of the Commonwealth have

---

[1] Bureau of accounts and the Department of Revenue.

wrongfully and knowingly used, and continue to use, her trade secrets in a computer software package used to compile municipal financial data. The only issue in Lane's appeal, following the dismissal of her complaint and the denial of her motion to amend her complaint, is whether she would be entitled to injunctive relief against the Commonwealth if she were to establish that agents of the Commonwealth had intentionally misappropriated her trade secrets and applied them to the benefit of the Commonwealth and one or more of its agencies.

A judge of the Superior Court concluded that the complaint alleged only an intentional tort, that under G. L. c. 258, § 10 (*c*) (1986 ed.), intentional torts are excluded from the basic provisions of the Massachusetts Tort Claims Act (G. L. c. 258), and that the Commonwealth could not be subject to an injunction. The plaintiff then sought to file an amended complaint which would have added as named individual defendants the director of the bureau, a deputy commissioner of the department, and a third person, who was either an employee of or consultant to the bureau or the department, or both. The amended complaint persisted in alleging a claim against the Commonwealth for damages and for injunctive relief. Another judge of the Superior Court denied the motion to amend because the complaint alleged the same claim against the Commonwealth that the first judge had already ruled could not be maintained. We transferred her appeal to this court on our own motion. Before us, Lane disclaims any right to money damages against the Commonwealth in this action.[2]

We conclude that, if Lane proves that the Commonwealth, acting through one or more agents, wrongfully is using Lane's

---

[2] We have been advised that Lane commenced a new action after her motion to amend was denied. That action (Joan F. Lane *vs.* Commonwealth & others, Superior Court, Suffolk County, C.A. No. 87698 [1986]) asserts claims which are not involved before us. Lane's new action alleges claims against individual defendants, as did the proposed amended complaint. No defendant challenged her right to assert those claims. The lower court judge acknowledged her right to assert them and would have allowed a motion to amend the complaint to do so. She is apparently content to rely on those claims as expressed in her new action.

trade secrets, an injunction properly may be issued against the State officials and employees who are responsible for the misuse of her trade secrets. We see no need, however, for an injunction against the Commonwealth itself or the bureau or the department. Therefore, the allowance of the motion to dismiss and the denial of the motion to amend were appropriate in so far as the complaint and the amended complaint sought injunctive relief against the Commonwealth, the bureau, and the department.

The complaint and proposed amended complaint allege that Lane is in the business of collecting public financial information and statistics and compiling computer data bases. She sells computerized compilations of municipal financial information which she alleges she has maintained as trade secrets. Lane alleges that employees of the Commonwealth wrongfully and knowingly received certain trade secret information which they used to create "an accounting system, a revised Schedule A and a computerized data base" which employees of the Commonwealth are still using.

Simple fairness dictates that, subject to traditional equitable principles, a person should be entitled to an injunction against the unlawful use of her property by representatives of the Commonwealth. The idea that agents of the government could properly seize and use property of a citizen without legislative or common law authority and without compensation is unacceptable. The likely unconstitutionality of such an uncompensated act is obvious.

The fact that the State acquired property through intentional rather than negligent, wrongdoing of its representatives cannot properly isolate the State's representatives from a court order that they cease the unlawful use of that property. Although the basic provisions of the Massachusetts Tort Claims Act are not applicable to intentional torts by State employees (G. L. c. 258, § 10 [*c*]), and "normally [a public employer] cannot be held liable for intentional torts" (*Mellinger* v. *West Springfield, ante* 188, 196 [1987]), the enactment of G. L. c. 258 did not bar the development and application of common law principles governing the liability of public employers in areas to which G. L. c. 258 does not apply. Thus the common law may impose

liability on a government employer for certain wrongs, even intentional wrongs, committed by one of its employees. We can think of no basis for recognizing some form of governmental immunity that would prevent issuance of an injunction against an ongoing wrong committed systematically and intentionally by a governmental agency for the continuing benefit of the Commonwealth. Cf. *Ex parte Young,* 209 U.S. 123, 159-160 (1908) (injunction against State official seeking to enforce unconstitutional law).

Government employers have been held liable at common law for wrongs committed by their employees that were more than merely negligent wrongs. See *Perley* v. *Cambridge,* 220 Mass. 507, 510 (1915) (city "may be liable for a trespass committed by its servants [acting outside city's] statutory power"); *Aldworth* v. *Lynn,* 153 Mass. 53, 56 (1891) (city liable for nuisance or trespass in maintenance of dam). Cf. *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 616 (1973) (Commonwealth liable for private nuisance, could be enjoined from storing road salt so as to pollute water supply on adjacent property); *Kurtigian* v. *Worcester,* 348 Mass. 284, 288 (1965) (city liable in nuisance for personal injuries caused by limb from decaying tree on city land); *Towner* v. *Melrose,* 305 Mass. 165, 168 (1940) (city liable in nuisance for damage caused by water overflows from city golf course).

Injunctions have been authorized against continuing governmental wrongs. See, e.g., *H. Sacks & Sons* v. *Metropolitan Dist. Comm'n,* 397 Mass. 1007 (1986) (injunction against Commonwealth's maintenance of a nuisance); *Chesarone* v. *Pinewood Builders, Inc.,* 345 Mass. 236, 242 (1962) (injunction against town for trespass in discharging water on plaintiff's land); *Lenari* v. *Kingston,* 342 Mass. 705, 709 (1961) (injunction against nuisance of public garbage dump); *Hittinger Fruit Co.* v. *Cambridge,* 218 Mass. 220 (1914) (city enjoined from unauthorized taking of water). Cf. *Perez* v. *Boston Hous. Auth.,* 368 Mass. 333, appeal dismissed, 423 U.S. 1009 (1975); *West Broadway Task Force, Inc.* v. *Commissioner of Dep't of Community Affairs,* 363 Mass. 745 (1973). Although no Massachusetts case has dealt with the question whether the

Commonwealth or a political subdivision is liable for the wrongful misappropriation or conversion of private property by a government employee, the thrust of our cases in analogous areas shows that a government employer may be liable for conversions committed for its benefit by its employee. See also *NIKA Corp.* v. *Kansas City,* 582 F. Supp. 343, 354-355 (W.D. Mo. 1983) (city liable for conversion of work systems and information components); 18 E. McQuillin, Municipal Corporations § 53.11, at 197 (3d ed. rev. 1984 & 1986 supp.) ("It is well settled that a municipality may be held liable in damages for a conversion, in a proper case").

We conclude that, if Lane proves her case, she may be entitled to injunctive relief under the common law and general principles of equity, but any injunction in this case should be focused on the supervisory officials in the bureau or the department, or both, who are responsible for any continuing misuse of the trade secrets, and on their subordinates. In a different context we recently indicated that, where possible, orders should be directed toward responsible officials rather than generally against the Commonwealth. See *Commonwealth* v. *Sacco, ante* 204, 208-209 (1987). Such a practice in a case of this type identifies the persons who must act to terminate the wrongdoing and who may properly be subject to contempt proceedings if the injunction is violated. Therefore, the conclusions of the judge's below that the plaintiff was not entitled to relief against the Commonwealth, the bureau, or the department were correct. Because the complaint that was filed in the Superior Court after the judgment in this case asserts a right to injunctive relief against supervisory persons alleged to be responsible for the continuing wrongful use of Lane's trade secrets, see note 2, *supra,* we see no need to grant Lane leave to amend in this action.

*Judgment affirmed.*