BARBARA HARVEL, Plaintiff-Appellant, v. THE CITY OF JOHNSTON CITY *et al.*, Defendants-Appellees (James Harvel, Plaintiff).

Fifth District   No. 5—89—0741

Opinion filed November 20, 1990.

662

RARICK, J., dissenting.

Thomas J. Crosby, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellant.

Michael F. Dahlen, of Feirich/Schoen/Mager/Green, of Carbondale, for appellee City of Johnston City.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Bruce L. Carmen, and Brian K. McBrearty, of counsel), for appellee Lawrence A. Lipe & Associates.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

On July 26, 1989, the plaintiffs, James and Barbara Harvel, filed a complaint against the defendants, City of Johnston City (the City) and Lawrence A. Lipe & Associates (Lipe). In the complaint, counts I and II stated that the defendants had violated the provisions of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*), and that these violations were the proximate cause of plaintiff James Harvel's (James') injuries. In the two remaining counts, counts III and IV, plaintiff Barbara Harvel (Barbara) alleged that the defendants had violated the provisions of the Structural Work Act, and, as a result of these violations and James' resulting injuries therefrom, she sought damages against the City and Lipe for loss of consortium.

On August 21, 1989, Lipe filed a motion to dismiss count IV of the complaint for the reasons that loss of consortium is not a cause of action available to the spouse of an injured worker for a violation of the Structural Work Act and that count IV of the complaint fails to otherwise state a cause of action under which Barbara can recover. On September 18, 1989, the City likewise sought dismissal of count III of the complaint, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) for the same reasons set forth in Lipe's motion to dismiss. On October 30, 1989, the circuit court entered an order dismissing counts III and IV of the plaintiffs' complaint pursuant to section 2—619 of the Code of Civil Procedure. The court also held that there was no just reason to delay enforcement or appeal of this matter and that discovery in the remaining matters need not be stayed pending appeal. Barbara appeals the dismissal of the two counts of the complaint for her loss of consortium action.

The facts which formed the basis of the plaintiffs' complaint were as follows: On August 26, 1988, the City was in charge of the

construction of a water treatment plant, and as part of this project, the City had erected an elevated water retention tank. The City had hired Lipe as its agent to direct, supervise and inspect the erection of the water treatment facility. On this date, James, in the performance of his duties, was on the elevated water retention tank from which he fell onto the concrete at the bottom of the tank, thereby sustaining permanent injuries.

On appeal, Barbara raises two issues: that the circuit court erroneously dismissed her cause of action for loss of consortium (1) as a reasonable reading of the Structural Work Act allows such a claim, and (2) as, alternatively, the spouse of an injured worker has a common law cause of action for loss of consortium. We first consider the plaintiff's contention that the Structural Work Act permits a cause of action for an injured spouse's loss of consortium, an issue concerning the statutory construction of the statute.

■ In construing a statute, it is fundamental that a court must give effect to the intent of the legislature and that the first step in ascertaining the legislature's intent is to look at the language of the statute involved. (*American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 537 N.E.2d 284.) In considering the provision of the statute, the statute must be read as a whole. (*Woods v. East St. Louis School District No. 189* (1986), 147 Ill. App. 3d 776, 498 N.E.2d 801.) Only where the language of a statute is ambiguous is it necessary to interpret a statute. (*Davis v. Bughdadi* (1983), 120 Ill. App. 3d 236, 458 N.E.2d 177.) In addition to the language of the statute, a court may also consider the reason and necessity for the law, the evils to be remedied, and the statute's purpose. *American Country Insurance Co.*, 127 Ill. 2d 230, 537 N.E.2d 284.

■ The primary purpose of the Structural Work Act is to provide construction workers a safe place to work and a remedy for injuries suffered by workers at a hazardous construction site. (*Grant v. Zale Construction Co.* (1982), 109 Ill. App. 3d 545, 440 N.E.2d 1043.) In furtherance of this purpose, the statute is to be liberally construed; however, liberal construction cannot extend the statute's protection to persons not covered by the statute. *Dasenbrock v. Serstel Co.* (1987), 151 Ill. App. 3d 1092, 503 N.E.2d 1106.

■ Applying the foregoing principles, our first consideration must be the language of the statute itself. Section 9 of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 69) delineates who can bring a cause of action for a person's injuries under the Act. This section provides in pertinent part as follows:

"For any injury to person or property, occasioned by any

wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the surviving spouse of the person so killed, the lineal heirs or adopted children of such person, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives." (Ill. Rev. Stat. 1987, ch. 48, par. 69.)

From the language of section 9, it is clear that only the "party injured" due to a violation of the Act, or the spouse or certain relatives or dependents of a deceased person, is permitted to bring a cause of action for a violation of the Structural Work Act.

The next question to be answered is what the legislature meant by the phrase "party injured" used in section 9. Again, the language of the statute provides guidance as to whom the legislature intended to be protected by the Structural Work Act. Section 1 of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60) states in pertinent part:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances *** shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Ill. Rev. Stat. 1987, ch. 48, par. 60.)

From the foregoing language, we determine that the phrase "party injured" used in section 9 refers to those "person or persons employed or engaged thereon, or passing under or by the same," and thus, an injured person's spouse has no cause of action for loss of consortium under the statute. If the legislature had meant for the spouse of an injured worker to have a cause of action, it would have inserted language permitting such an action. Since the legislature did not see fit to provide the spouse of an injured person with a cause of action in the statute, we cannot extend the statute by an unnatural interpretation as urged by Barbara Harvel.

Further, we do not find that to so hold frustrates the purpose of the statute. The legislature determined that an injured person's cause of action was sufficient to encourage an employer to

provide safe work conditions, the purpose of the Structural Work Act, and, where the injured person was unable to bring such an action due to his or her death, then the spouse of the deceased person could bring a cause of action. To deny an injured person's spouse a cause of action under the statute does not defeat the Act's purpose.

■■ ■ Additionally, this case is analogous to *Martin v. Kiendl Construction Co.* (1982), 108 Ill. App. 3d 468, 438 N.E.2d 1187. In *Martin*, the court was confronted with the same issue as presented in the case *sub judice, i.e.,* whether a spouse of an injured worker has a cause of action for loss of consortium under the Structural Work Act. The court in *Martin* determined, as we did here, that the Structural Work Act did not provide a cause of action for loss of consortium for an injured spouse. Additionally, we agree with the rationale stated in *Martin* that where a statutory standard of care is created by the legislature in derogation of the common law, as the Structural Work Act is, the legislature is entitled to define who is to be protected by the statute and can exclude persons from that protection. *(Martin,* 108 Ill. App. 3d 468, 438 N.E.2d 1187.) Therefore, we find that the circuit court's order dismissing counts III and IV of the plaintiffs' complaint for failure to state a cause of action under the Structural Work Act was proper.

Barbara has cited numerous cases to support her contention that a loss of consortium cause of action is permitted under the Structural Work Act. We note that all of the cases cited by her for this proposition involved a deceased person's spouse and are inapposite to the instant case. The Structural Work Act explicitly provides for causes of action for a deceased person's spouse but does not similarly provide for an injured person's spouse.

■■ We next address Barbara's alternative contention that, if she does not have a cause of action under the Structural Work Act, she has a cause of action for loss of consortium under the common law. From the record provided in this case, there is no evidence that this argument was raised before the circuit court. It does not appear that the plaintiffs attempted to amend their complaint to add a common law cause of action for loss of consortium; there is no record of the arguments made before the circuit court regarding the motion to dismiss to show that this issue was argued; and there is no post-trial motion in which this issue is raised. Failure to raise an issue before a circuit court waives that issue on review; therefore, we find this issue was waived by the plaintiff. *Schroeder v. Meier-Templeton Associates, Inc.* (1985), 130 Ill. App. 3d 554, 474 N.E.2d 744.

For the foregoing reasons, the judgment of the circuit court of Williamson County dismissing counts III and IV of the plaintiffs' complaint is affirmed.

Affirmed.

WELCH, J., concurs.

JUSTICE RARICK, dissenting:

Because I see no rational basis to deny recovery to the spouse of an injured worker merely because the worker's cause of action is brought under the Structural Work Act, I respectfully dissent. My views parallel those of Justice Rizzi as expressed in his dissent in *Martin v. Kiendl Construction Co.* (1982), 108 Ill. App. 3d 468, 428 N.E.2d 1187. If a defendant's willful violation of the Structural Work Act results in a tortious interference with the familial relationship between spouses, then the spouse of the injured person should have a common law cause of action against that defendant for loss of consortium. The common law cause of action for loss of consortium has never been dependent upon the co-existence of any statutory right given to the spouse of the injured person. It is an independent action existing solely because of a defendant's tortious interference with the familial relationship between spouses. (108 Ill. App. 3d at 475, 438 N.E.2d at 1191-92.) As Justice Rizzi so aptly stated, the Structural Work Act is not and was never intended to be an exclusive remedy. 108 Ill. App. 3d at 478, 438 N.E.2d at 1193-94.

It is true plaintiff here did not specifically plead her loss of consortium claim as a common law cause of action. I believe, however, in the interest of justice, she sufficiently pleaded the operative facts so as to treat the loss of consortium claim as alleging a common law action for loss of consortium. I also believe in the interest of justice the waiver rule should not apply in this instance. As we have noted in the past, the waiver rule exists as a limitation on the parties, not the courts. *Allen v. Electoral Board* (1986), 147 Ill. App. 3d 782, 784, 493 N.E.2d 878, 879.