WILLIAM SCOTT ALLISON *et al.*, Plaintiffs-Appellants, v. FLUOR ENGINEERS, INC., *et al.*, Defendants-Appellees (Daniel International, Inc., Defendant; Fluor Engineers, Inc., Third-Party Plaintiff; Chapple Corporation, Third-Party Defendant).

First District (4th Division)   No. 1—90—0781

Opinion filed March 28, 1991.

Pappas, Power & Marcus, of Chicago (Stephen J. Tasch and John J. Pappas, of counsel), for appellants.

Hedberg, Tobin, Flaherty & Whalen, of Chicago (Edward J. Whalen and Susan M. Langlotz, of counsel), for appellee Fluor Engineers, Inc.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold and Philip Domagalski, of counsel), for appellee Enron Chemical Company.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, William Scott Allison and Deanne Allison, brought an action against the defendants, Fluor Engineers, Inc. (Fluor), and Enron Chemical Company (Enron), to recover damages sustained when William Scott Allison was injured at the construction site where he was working. The plaintiffs alleged that the injuries resulted from the defendants' willful violation of the Structural Work Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*). In count II of the second amended complaint, Deanne Allison sought recovery for loss of consortium under the Act. On motion of the defendants, the trial court entered judgment on the pleadings in favor of the defendants as to

count II. The plaintiffs have appealed, contending that this court should recognize a cause of action under the Structural Work Act for loss of consortium by the spouse of a nonfatally injured worker.

William Scott Allison was injured when the roof he was using as a scaffold collapsed. The complaint alleged that he sustained multiple fractures and lacerations which necessitated several surgeries and caused severe and permanent injuries. In count II of the complaint Deanne Allison alleged that, as William's wife, she became liable for his hospital bills and suffered the loss of his services and earnings. She further alleged that she has been "deprived of the love, affection, society, companionship and consortium of her husband."

The defendants moved for judgment on the pleadings as to count II. The trial court granted the motion based on this court's holding in *Martin v. Kiendl Construction Co.* (1982), 108 Ill. App. 3d 468, 438 N.E.2d 1187, that the Structural Work Act does not give the spouse of a nonfatally injured worker the right to bring a cause of action for loss of consortium. The plaintiffs contend on appeal that a reasonable interpretation of the Act permits a cause of action for loss of consortium by the spouse of an injured but living worker. The plaintiffs also contend that the holding in *Martin* is no longer viable in light of the recent decision in *Pickett v. Yellow Cab Co.* (1989), 182 Ill. App. 3d 62, 537 N.E.2d 933, which interpreted the Act as allowing the spouse of a deceased worker to bring an action for loss of consortium.

■ Section 1 of the Act provides that "[a]ll scaffolds *** shall be erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of *any person or persons employed or engaged thereon, or passing under or by the same.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 60.) Section 9 of the Act provides, in pertinent part:

> "For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the surviving spouse of the person so killed, the lineal heirs or adopted children of such person, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives." Ill. Rev. Stat. 1985, ch. 48, par. 69.

■ The fundamental principle of statutory construction is to give effect to the intent of the legislature, and the plain language of the statute is the best indication of that intent. (*American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 238, 537 N.E.2d 284.) In addition to the language of the statute, a court may also consider the reason and necessity for the law, the evils to be remedied and the purpose of the statute. (*American Country Insurance Co.*, 127 Ill. 2d 230, 537 N.E.2d 284.) Where a statutory standard of care is created by the legislature in derogation of the common law, the legislature is entitled to define the persons to be protected by the statute and can exclude other persons from that protection. (*Martin v. Kiendl Construction Co.* (1982), 108 Ill. App. 3d 468, 473, 438 N.E.2d 1187.) "A court may not adopt an interpretation of a statute which would have the effect of making the legislature say what it has not said." *Davis v. Bughdadi* (1983), 120 Ill. App. 3d 236, 241, 458 N.E.2d 177, 180.

■ The issue of whether the Act provides the spouse of an injured, but living, worker with a cause of action for loss of consortium was addressed in *Martin v. Kiendl Construction Co.* (1982), 108 Ill. App. 3d 468, 438 N.E.2d 1187. The court stated that the plain language of section 9 of the Act provides for a cause of action only by the "party injured" or, where the injured person is killed, by the spouse, certain relatives or dependents of that person. Reading the statute as a whole, the court held that "party injured" as used in section 9 of the Act refers to those persons delineated in section 1 as "persons employed or engaged [on a scaffold], or passing under or by the same." The *Martin* court accordingly concluded that "[t]he Act does not grant the spouse of a living, injured worker a right of action for loss of consortium." (*Martin*, 108 Ill. App. 3d at 470, 438 N.E.2d at 1188.) The *Martin* decision was followed in *Harvel v. City of Johnston City* (1990), 205 Ill. App. 3d 661, 563 N.E.2d 1157. The Illinois Supreme Court has granted leave to appeal the *Harvel* decision (*Harvel v. City of Johnston City* (1991), 136 Ill. 2d 544).

We agree with the interpretation of the Act adopted in *Martin* and *Harvel*, and with the reasoning expressed in those decisions. The plain language of section 9 provides that only the party injured as a result of a violation of the Act, or the spouse, heirs or dependents of a deceased party, may bring a cause of action under the Act. As stated in *Harvel*, "[i]f the legislature had meant for the spouse of an injured worker to have a cause of action, it would have inserted language permitting such an action." *Harvel*, 205 Ill. App. 3d at 665, 563 N.E.2d at 1159.

■ The plaintiffs in the case at bar make an additional argument in support of their position based on the decision in *Pickett v. Yellow Cab Co.* (1989), 182 Ill. App. 3d 62, 537 N.E.2d 933. In *Pickett*, the wife of a deceased worker brought a cause of action under the Act seeking damages for loss of consortium. The court construed the phrase "direct damages" as used in section 9 of the Act to include pecuniary injury caused by a loss of the decedent's consortium. The plaintiffs argue that it is unfair and illogical to allow the spouse of a deceased worker to recover damages for loss of consortium, yet deny such recovery to the spouse of a living but permanently disabled worker.

This argument, however persuasive it may be, cannot serve as the basis for a judicial extension of the class of persons protected by the Structural Work Act. As stated earlier, the legislature created the Act and is entitled to define the class of persons to be protected by it. In our view the plaintiffs' argument that an inequity exists is more appropriately addressed to the legislature.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.