KEVIN CLAXTON, a Minor, by his Father and Next Friend, Warren Claxton, *et al.*, Plaintiffs-Appellees, v. MICHAEL GROSE, Defendant-Appellant.

Fourth District   No. 4—91—0551

Opinion filed March 19, 1992.

Rammelkamp, Bradney, Dahman, Kuster, Keaton, Fritsche & Lindsay, P.C., of Jacksonville, for appellant.

Timothy W. Kelly, of Allison & Kelly, of Bloomington, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is a dog bite case. Defendant Michael Grose appeals from the judgment of the circuit court of Moultrie County entered in favor of plaintiffs Kevin Claxton, a minor, by his father and next

friend, Warren Claxton, and Warren Claxton, individually, following a jury trial.

Count I of plaintiffs' complaint sought damages for the injuries sustained by the minor, born August 15, 1977, as a result of an unprovoked attack by defendant's Doberman pinscher, occurring on September 16, 1989. This count was brought pursuant to section 16 of the Illinois Animal Control Act (Act) (Ill. Rev. Stat. 1989, ch. 8, par. 366). Judgment was entered against defendant on count I in the amount of $7,500, and no issue is raised on appeal concerning count I.

Count II of plaintiffs' complaint was brought by Warren to recover medical expenses incurred for Kevin's care and treatment following the attack. Count II also alleged it was brought pursuant "to the Illinois Animal Control Act, Illinois Revised Statutes, Chapter 8, Section 366." On count II, judgment against defendant was entered in the amount of $21,500.

On appeal, defendant raises two issues concerning the judgment on count II: (1) whether a motion to amend count II to conform to the proofs was properly granted, and (2) whether Warren (hereinafter referred to as plaintiff) is entitled to recover for medical expenses under the Act.

Judgment was entered in this case on February 22, 1991. On March 13, 1991, defendant filed a post-trial motion. On April 1, 1991, plaintiff filed a motion to amend count II of the complaint to allege as paragraph 12, the following:

> "12. Plaintiff brings this action pursuant to the Illinois Family Expense Statute, Ill. Revised Statute, Chapter 40, Section 1015."

The motion was made pursuant to section 2—616(c) of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(c)). On July 24, 1991, the trial court allowed plaintiff's motion to amend and denied the defendant's post-trial motion. In ruling on the motion to amend, the trial judge made the following findings:

> "Finding by the court that plaintiff Warren Claxton's proposed amendment to Count II does not present to the court an issue not heretofore raised and is an issue upon which evidence was presented at trial of this cause. Further finding, that in Count II of the original Complaint filed herein Plaintiff raised the issue of the Family Expense Act for medical expenses incurred and to be incurred by Plaintiff, Warren Claxton, for his minor son, and the statutory citation of au-

thority contained in paragraph 11 of Count II was in error rather than the statutory citation of authority to the Family Expense Act."

Section 2—616(c) of the Code provides that pleadings may be amended to conform to the proofs before or after judgment on terms as to costs or continuance as may be just.

"A trial court has broad discretion regarding the allowance of amendments to pleadings prior to the entry of final judgment, and the trial court's ruling will not be overturned by an appellate court in the absence of a showing of manifest abuse of discretion." (*Bolin v. Sosamon* (1989), 181 Ill. App. 3d 442, 445, 537 N.E.2d 11, 12.)

No abuse of discretion occurred here.

■■ The parents of a minor child are responsible for that child's medical expenses, and since the obligation to pay rests on the parents, the cause of action to recover such medical expenses lies in the parents, not the child. (*Graul v. Adrian* (1965), 32 Ill. 2d 345, 347, 205 N.E.2d 444, 446; *In re Estate of Hammond* (1986), 141 Ill. App. 3d 963, 965, 491 N.E.2d 84, 85-86; *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 894, 412 N.E.2d 624, 628.) The basis for this rule is the family expense statute, which provides in relevant part:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." Ill. Rev. Stat. 1989, ch. 40, par. 1015(a)(1).

Defendant contends that, since an action under the family expense statute is not a derivative action but a direct action to recover for injuries sustained by plaintiff (*Thompson v. City of Bushnell* (1952), 346 Ill. App. 352, 354-55, 105 N.E.2d 311, 312), and no evidence as to common law negligence having been presented at trial, plaintiff is not entitled to recover. A new theory of recovery can only be added by amendment if it conforms to the proofs. (*Colgan v. Premier Electrical Construction Co.* (1981), 92 Ill. App. 3d 407, 412, 414 N.E.2d 1364, 1368.) Defendant reasons that plaintiff was not the person who was attacked by the dog and plaintiff may not recover in a direct action under the Act. Defendant does not argue that the proof is deficient as to the payment of medical expenses by plaintiff on behalf of the minor. We disagree with defendant's conclusion that plaintiff may not recover under the Act.

■ Section 16 of the Act (Ill. Rev. Stat. 1989, ch. 8, par. 366) provides:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."

The right to seek recovery is not limited to the person physically attacked by the dog. Any injured person, including a parent of a minor, may recover under this section. The party seeking to recover such medical expenses must, of course, establish that (1) the minor victim's injury was caused by the animal owned by the defendant; (2) lack of provocation; (3) peaceable conduct of the minor child; and (4) the presence of the minor child in a place where he had a right to be. Where the injuries were caused by the animal's behavior other than an attack on the victim, proximate cause between the animal's behavior and the injury to the minor victim must be established. See *Forsyth v. Dugger* (1988), 169 Ill. App. 3d 362, 365, 523 N.E.2d 704, 706.

■ Had Kevin been an adult when bitten by defendant's dog, he could have recovered for the medical expenses he incurred. There is nothing in the statute which suggests that while Kevin could recover medical expenses if he were an adult, because he is a minor the recovery of the medical expenses incurred in his behalf by a parent are only recoverable under the common law theory of negligence.

By analogy, defendant resorts to cases deciding the scope of protection of section 9 of the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 69) extends only to the structural worker and not to the worker's spouse. Defendant cites *Harvel v. City of Johnston City* (1990), 205 Ill. App. 3d 661, 563 N.E.2d 1157, *rev'd* (1992), 146 Ill. 2d 277. In reversing there, the supreme court held that the use of the term "party injured" in the Structural Work Act was not a reference solely to the injured worker. *Harvel v. City of Johnston City* (1992), 146 Ill. 2d 277.

Section 16 of the Act encourages the appropriate control of animals by their owners to prevent injuries to others and promotes the full compensation of the injured by those who violate the Act. To construe section 16 as including parents who have paid medical expenses on behalf of a minor within the definition of injured person is consistent with the statute's preventive and compensatory purposes. Furthermore, by amending the complaint to add paragraph 12, the plaintiff alleged the necessary element that he was legally obligated to pay Kevin's medical expenses. This was necessary since

recovery could not be had in the absence of such a legal obligation. See *Pfeil v. Weerde* (1987), 152 Ill. App. 3d 759, 760-61, 504 N.E.2d 988, 989-90.

For the foregoing reasons, the judgment of the circuit court of Moultrie County is affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.