Toomey, J.
Plaintiff claims that she was injured at Elm Park, owned by the defendant, City of Worcester (Worcester), on May 19, 1991. She alleges, in Count I of her complaint, that her injury was caused by a dangerous or defective condition which Worcester willfully, wantonly or recklessly caused or permitted to exist.
Pursuant to Mass.R.Civ.P. 12(c), Worcester has brought this motion for judgment on the pleadings as to Count I. Worcester contends that plaintiffs allegations of willful, wanton and reckless conduct are equivalent to alleging an intentional act and, accordingly, Worcester is entitled to the immunity provided by the Massachusetts Tort Claims Act, G.L.c. 258 (MTCA). For the reasons stated below defendant’s motion is allowed.
DISCUSSION
A defendant’s motion for judgment on the pleadings challenges the legal sufficiency of a complaint. Burlington v. District Attorney for the N. Dist., 381 Mass. 717, 717 (1980). In considering a Mass.R.Civ.P. 12(c) motion, the court assumes that all well pleaded factual allegations in the non-movant’s pleadings are true and that all contravening assertions in the movant’s pleadings are false. Minaya v. Mass. Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984) (citation omitted). When the text of the pleadings creates no dispute over material facts judgment on the pleadings is appropriate. Tanner v. Board of Appeals of Belmont, 27 Mass.App.Ct. 1181, 1182 (1989).
Count I of.plaintiff s complaint is brought pursuant to G.L.c. 258, the Massachusetts Tort Claims Act. One of the principal purposes of the Act is to allow plaintiffs with valid tort claims to recover against governmental entities. George v. Saugus, 394 Mass. 40, 43 (1985). Such tort claims must be based on a “negligent or wrongful act or omission...” G.L.c. 258, §2 (1993 ed.). The MTCA specifically excludes from its general abdication of sovereign immunity “any claim arising out of an intentional tort.” G.L.c. 258, §10. Mellinger v. West Springfield, 401 Mass. 188, 196 (1987). Cf. Lane v. Commonwealth, 401 Mass. 549, 552 (1988) (plaintiff may seek equitable relief from government agency’s intentional misappropriation of her property). Defendant Worcester argues that the willful, wanton or reckless conduct now alleged by the plaintiff asserts an “intentional tort” as to which Worcester is immunized by G.L.c. 258, §10.
In the context of a criminal case it is well established that wanton or reckless conduct is the legal equivalent of intentional conduct. Commonwealth v. Sostilio, 325 Mass. 143, 145 (1949) (wanton or reckless conduct which causes bodily injury makes actor guilty of assault and battery). That equivalency has also been recognized in civil cases in which willful, wanton or reckless conduct is construed to mean intentional conduct. Cohen v. Davis, 305 Mass. 152, 155-56 (1940) (“The alleged wrongdoer acts wantonly, willfully or recklessly only when he inflicts the injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist... the result is a willful and not a negligent wrong”).
Reckless or wanton behavior is a species of intentional behavior. Tilton v. Franklin, 24 Mass.App.Ct. 110, 112 (1987), rev. denied 400 Mass. 1103 (1987). In Tiltonihe plaintiffs, who had brought suit under G.L.c. 258, faced a dilemma: If they alleged negligent infliction of emotional distress they could not recover in the absence of physical harm. Id. at 112. On the other hand, if they alleged intentional infliction of emotional distress, they could not recover because the sovereign immunity defense to intentional torts is preserved by the MTCA G.L.c. 258, §10(c). To avoid both unpalatable alternatives, plaintiffs crafted their complaint in terms of “reckless” conduct by defendant, but the Appeals Court refused to accept plaintiffs’ distinction between reckless and intentional conduct and held the two to be identical for pleading purposes. Tilton, supra at 112. See also, Pinshaw v. Metropolitan District Commission, 402 Mass. 687, 696 (1988) (intentional tort involves elements of willfulness); Aldworth v. F.W. Woolworth Co., 295 Mass. 344, 348 (1936) (willful, wanton or reckless conduct is different in kind from negligence). The same reasoning controls at bar.
When drafting the MTCA in 1978, the Legislature well knew that the common law had equated willful, wanton or reckless conduct with intentional conduct. Sabatinelli v. Butler, 363 Mass. 565, 567 (1973) (“[wjanton or reckless conduct is the legal equivalent of intentional conduct,” quoting Commonwealth v. Welansky, 316 Mass. 383, 401 (1944)). It is instructive that Welansky, though a criminal case, rested its holding — to wit, wanton or reckless conduct is the legal equivalent of intentional conduct — on a series of *404 older civil cases. Welansky, supra at 401 (citations omitted). Had the Legislature intended to abrogate the common law and require that willful, wanton or reckless conduct be excised from intentional conduct, it had the opportunity to establish that distinction when it fashioned the MTCA. The Legislature’s omission so to differentiate must be taken as an implicit endorsement of the indistinguishability of the concepts, at least for MTCA pleading purposes.
In construing statutes, words are to be given “their plain meaning in light of the aim of the Legislature," Commonwealth v. Vickey, 381 Mass. 762, 767 (1980). Id. at 767. The aim of the Legislature with respect to the statute at bar is clear. This court declines to do what the Legislature could have done but chose not to. The MTCA will be viewed, in its §10, as immunizing Worcester from liability for the willful, wanton and reckless conduct alleged in Count I of the complaint.
ORDER
It is therefore ORDERED that defendant's motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) is ALLOWED.