BOSTON SAFE DEPOSIT AND TRUST COMPANY & another, trustees, *vs.* BENJAMIN P. DEAN, SECOND, & others.[1]

Suffolk.  December 10, 1971. — February 25, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Adoption.* *Trust,* Adopted child, Vested right. *Equity Jurisdiction,* Declaratory relief, Instructions. *Words,* "Vested."

Remainder interests in an inter vivos trust established before 1958, although subject to certain contingencies, were "vested" within the proviso in St. 1969, c. 27, § 2, prior to the effective date of c. 27, and, as against such interests and interests in income which had vested in possession prior to such date, the proviso precluded G. L. c. 210, § 8, as appearing in St. 1969, c. 27, § 1, from conferring rights in the trust on a child adopted by one other than the settlor. [247-248]

Under G. L. c. 231A, § 3, where there is no special reason for going beyond advice on present rights, a trial judge has a substantial range of discretion to deny or postpone declaratory relief where he justifiably concludes that such relief will not end a controversy, or is premature, or for other reasons. [248]

PETITION filed in the Probate Court for the county of Suffolk on April 10, 1970.

The case was heard by *Wilson,* J.

*Neil R. Markson* stated the case.

*John T. Collins* for Richard L. Dean & another.

*Albert M. Fortier, Jr.,* for Richard S. Bowens, guardian ad litem.

---

[1] All but one of the biological issue of Philip L. Dean (who is mentioned in the body of the opinion), and also Richard L. Dean, the adopted son of Philip's now deceased son Benjamin, and Richard L. Dean, Jr., son of Richard L. Dean.

CUTTER, J. The trustees under two trust indentures, made prior to 1958 by Langdon Pearse (the settlor), seek instructions and declaratory relief concerning whether and to what extent Richard L. Dean, an adopted son of Benjamin Palmer Dean (in turn a son of Philip L. Dean, mentioned below), is entitled to share in the current trust income (and hereafter in the corpus) and to be regarded as a beneficiary of each trust. A guardian ad litem was appointed for minors and unborn and unascertained persons who are or may become interested in the trust as issue born in lawful wedlock (biological issue) of Philip L. Dean, named in the trusts as a beneficiary. A separate guardian ad litem was appointed to represent Richard L. Dean, Jr. (the minor son of Benjamin's adopted son), and unborn or unascertained persons with similar interests. A judge of the Probate Court, by decree, instructed that Richard L. Dean, who was adopted by Benjamin Palmer Dean and his wife in California in 1952, was not entitled to any present income from the portion of the trust corpus formerly held for the benefit of Benjamin Palmer Dean and ruled that "no further instructions are presently appropriate." Richard L. Dean and the guardian ad litem for his son (Richard, Jr.) appealed. The case is before us on the pleadings and a statement of agreed facts.

On April 8, 1940, the settlor executed a revocable trust agreement. This was amended on October 19, 1953, and again on October 17, 1955 (see fn. 2). The settlor executed another revocable trust agreement on October 19, 1953, and this was amended on October 17, 1955 (see fn. 2). The provisions of these trust agreements, as amended, which are pertinent to this case are substantially identical. The following excerpts from the 1940 agreement, as amended, adequately set out the provisions concerning which instructions now are sought.

Article II (b), as amended, read: "Upon the death of the survivor of the . . . [settlor who died July 20, 1956] and his wife, Eleanor H. D. Pearse [who died August 3, 1961] the Trustees shall divide the whole of the then trust

estate . . . into six equal portions if at least one member of each of the following six groups shall be then living, or if no member of one or more of said groups shall be then living, the Trustees shall divide the whole of said trust estate into as many equal portions as there may be groups having at least one member then living, and dispose of each such portion as hereinafter provided.   These groups are: . . . Group Six: Philip Dean, . . . [who survived his wife and died January 26, 1964] and his issue by his deceased wife, Frances Dean."

Article II (c) (6), as amended, read: "If at least one of . . . Group Six shall then be living, but . . . Philip Dean and Benjamin Palmer Dean [died July 16, 1967] and Florence Dean Prosser [still living in 1969] . . . his children by his deceased wife, Frances Dean, shall all be then deceased, the Trustees shall . . . pay over one such portion to the issue then living of said Philip Dean by his said deceased wife, such issue taking by representation; and if said Philip Dean or either of his said children shall be then living, the Trustees shall hold one such portion in trust and pay the net income . . . to . . . Philip Dean so long as he shall live and after his death to his issue by his said deceased wife, such issue taking by representation, and at the death of the survivor of said Philip Dean and his two children above named, the Trustees shall . . . pay over the principal . . . to the issue then living of said Philip Dean and his said deceased wife, such issue taking by representation." [2]

When the settlor's wife, Eleanor, died on August 3, 1961, the trusts set forth above for Group 6 came into operation.   Philip Dean and his two children, Benjamin

---

[2] By amendments to each trust dated October 17, 1955, the settlor, with reference to another group (Group 1), made the following provisions (without, so far as this record shows, making any similar amendment with respect to Richard L. Dean, the adopted son of Benjamin Palmer Dean): "For all purposes of this trust agreement Langdon Williams Morrill, the adopted son of John D. W. Morrill and his wife, Joan Morrill, shall be deemed an issue of Olive Williams Morrill, wife of Joseph Morrill, with the same effect as if said Langdon Williams Morrill, were the natural born child of said John D. W. Morrill and his said wife."

Dean and Florence Prosser, then were all alive.[3]   The provisions of art. II (c) (6), as amended, called for distribution of income after Philip's death to Benjamin Dean and his sister Florence Prosser.   After Benjamin's death on July 16, 1967, Benjamin's share of income went to his issue by right of representation.   In the absence of indication [4] in either trust (and there is no such indication) that persons adopted by one of Philip Dean's biological issue were to be treated as issue, the rule of G. L. c. 210, § 8, prior to its amendment by St. 1958, c. 121, § 1, would require exclusion under this pre-1958 trust of Richard L. Dean, the adopted child of Benjamin, from any share of income.

The question for our decision is whether the situation has been affected in any way by the further amendment of G. L. c. 210, § 8, by St. 1969, c. 27, § 1 (see *Billings* v. *Fowler, ante,* 230, 234, fn. 3), in view of the express proviso in § 2 of the 1969 act that the new provisions of c. 210, § 8, "shall not apply to any . . . trust settlement . . . executed or effective prior to" August 26, 1958, "with respect to any interests or right . . . which had vested prior to the effective date [September 1, 1969] of this act."

On September 1, 1969, the income beneficiaries of art. II (c) (6), apart from Florence Prosser, were the four biological children of Benjamin Dean.   Their equitable income interests (pur auter vie, i.e., for the life of Florence Prosser) and rights all had vested in right (in the case of Benjamin's children) at least as early as Benjamin's death on July 16, 1967.   There was thereafter no possibility of any change in their respective interests (or the interests of persons claiming through them respectively by right of representation) except by the

---

[3] By the terms of art. II (b) Group 6, as amended, the possibility of Philip's having further children by his wife, Frances, of course, had ceased at her death.

[4] The record does not adequately disclose whether the amendments of October 17, 1955, with respect to Langdon Williams Morrill (see fn. 2) permit an inference of an intentional failure by the settlor to make a similar amendment with respect to Richard L. Dean.

death during the term of the trust of one or more of them without leaving issue. Each of them who in fact survives his aunt, Florence Prosser (at whose death the trust will terminate) will take a remainder interest, which (like the income interest) we think "vested" within the meaning of the proviso in St. 1969, c. 27, § 2, in them respectively at least as early as Benjamin's death.

The case is governed by our decision in *Billings* v. *Fowler, ante,* 230. Indeed, this is an easier case (at least as to income) for the clearly vested interests of the four biological children of Benjamin would be cut down, if their adopted brother were to be admitted to a share, by twenty per cent at once, if any effect were to be given to the 1969 statute. The income and remainder interests of at least each biological child or more remote biological issue of Benjamin, born before September 1, 1969, we hold to be within the 1969 proviso and to be unaffected otherwise by the 1969 statute.

2. The probate judge declined to give instructions or declaratory relief beyond matters relating to the income interests. For reasons stated in part 1 of the opinion in *Billings* v. *Fowler, supra,* he need not thus have limited himself. Nevertheless, where there is no special reason for going beyond advice on present rights, a trial judge has a substantial range of discretion to deny or postpone declaratory relief, where he justifiably concludes that declaratory relief will not end a controversy, or is premature, or for other reasons. See G. L. c. 231A, § 3; *Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 759–760.[5] In the present case there would be benefit to the parties from at least a partial or contingent answer (see e.g., *Boston Ins. Co.* v. *Fawcett,* 357 Mass. 535, 537) to questions concerning the remainder inter-

---

[5] In *Billings* v. *Fowler,* and in the present case, this court has given declaratory relief or has approved instructions which necessarily fall short of answering all questions of interpretation which may arise under St. 1969, c. 27, § 2, before the termination of the trusts involved in these two matters. The 1969 statute may result in a large amount of litigation by cautious trustees desiring to protect themselves. In such circumstances, there is reason to consider whether clarifying legislation can resolve uncertainty and avoid constitutional difficulties.

ests. To give such an answer, in a manner consistent with this opinion, may avoid further recourse to the courts by the trustees, with consequent expense to the trusts.

3. The case may be further heard if, in the discretion of the Probate Court, it is decided that further declaratory relief is now appropriate. Subject to any such discretionary vacating of the decree for that purpose, the decree is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*