336                                   460 Mass. 336 (2011)

Doe, Sex Offender Registry Board No. 941 *v.* Sex Offender Registry Board.

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 941 *vs.* SEX
OFFENDER REGISTRY BOARD.

Middlesex. April 5, 2011. - August 5, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act.
Administrative Law,* Hearing. *Due Process of Law,* Hearing. *Constitutional
Law,* Sex offender, Right to hearing, Waiver of constitutional rights.

The Sex Offender Registry Board lacked the authority to declare that a sex of-
fender who had requested a classification hearing and whose attorney was
present at that hearing waived the right to such a hearing by failing to ap-
pear himself without good cause, where the Legislature specified that such
a hearing is waived only when the sex offender does not timely request
one. [338-341]

CIVIL ACTION commenced in the Superior Court Department on
February 26, 2009.

The case was heard by *Leila R. Kern,* J., on motions for
judgment on the pleadings.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Michael A. Nam-Krane* for the plaintiff.

*Jennifer K. Zalnasky* (*Beatriz E. Van Meek,* Special Assistant
Attorney General, with her) for the defendant.

GANTS, J. This case raises the question whether the Sex Of-
fender Registry Board (board) had the authority to promulgate a
regulation declaring that a sex offender waives the right to a
classification hearing by failing to appear at that hearing without
good cause. Because the Legislature specified only that the
classification hearing is waived where the sex offender does not
timely request a hearing, we conclude that the board lacked the
authority to declare the hearing waived where a sex offender
requests a hearing and the sex offender's attorney is present at
that hearing.

*Background.* Under G. L. c. 6, § 178L (1), the board shall notify a sex offender of its recommended sex offender classification, his right to petition the board to request an evidentiary hearing to challenge the classification, his right to retain counsel to represent him at the hearing, and his right to have counsel appointed for him if he is indigent. Where a sex offender requests such a hearing within twenty days of receiving notice, the board must conduct a hearing within a reasonable time. *Id.* Where a sex offender fails timely to request such a hearing, the sex offender waives his right to a hearing and the board's recommended classification becomes final. *Id.*

John Doe is a sex offender who was notified by the board on July 3, 2008, that he had been recommended for reclassification as a level three sex offender; Doe had been classified a level two sex offender since 2004.[1] Doe timely requested a hearing to challenge the recommendation under G. L. c. 6, § 178L (1), and was notified that the hearing would take place on January 5, 2009. Doe's attorney was present for Doe's scheduled classification hearing, but Doe did not appear. The hearing examiner continued the hearing to give Doe an opportunity to provide evidence of good cause for his absence, and on January 7, 2009, Doe moved to reschedule the hearing. Doe declared that he had been injured on December 24, 2008, and provided a hospital record showing that he had been treated in the emergency room on that date and had been prescribed medication for pain. He later submitted a medical record showing that he had been treated at an orthopedic clinic on January 7, 2009, for an injury to his right leg.[2]

The hearing examiner found that Doe had failed to appear at his January 5, 2009, hearing without good cause after having been informed of the consequences of nonappearance. Under

[1]Level two and level three sex offenders must register and report annually to their local police departments, and certain sex offender registry information, including their names, photographs, home and work addresses, and the offenses for which they were convicted or adjudicated, is available on request at local police stations. G. L. c. 6, §§ 178F ½, 178J, 178K (2) (*b*) & (*c*). For level three sex offenders, this registry information is published on the Internet and is actively disseminated by local police departments by other means. G. L. c. 6, §§ 178D, 178K (2) (*c*).

[2]The medical report stated that John Doe had "moderate tenderness" in his calf muscle but "no obvious increased swelling."

803 Code Mass. Regs. § 1.13(2) (2002), a "[f]ailure of the sex offender to appear at the scheduled [classification] hearing without good cause shown shall result in the waiver of the right to a hearing . . . ." The recommended classification then becomes the final board classification, and this classification "shall not be subject to judicial review." *Id.* As a result, the hearing examiner concluded that Doe waived his right to a classification hearing and ordered his registration as a level three sex offender without making further findings of fact.

Doe sought judicial review of this classification, but a Superior Court judge dismissed Doe's action, concluding that the court lacked subject matter jurisdiction pursuant to 803 Code Mass. Regs. § 1.13(2). The judge noted that she was "deeply troubled" by this result, because the board did not consider any of the enumerated factors in making its final classification and may have acted contrary to governing law. We transferred the defendant's appeal to this court on our own motion.

*Discussion.* "Sex offenders have a constitutionally protected liberty and privacy interest in avoiding registration and public dissemination of registration information" that arises from their classification, and therefore, they are entitled to procedural due process in establishing their classification. *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd.,* 428 Mass. 90, 100 (1998). See *Doe* v. *Attorney Gen.,* 426 Mass. 136, 149 (1997) (Fried, J., concurring) (registration "is a continuing, intrusive, and humiliating regulation of the person himself"). Due process requires that, where a sex offender challenges his classification, the board bears the burden of justifying that classification by a preponderance of the evidence at an evidentiary hearing at which an offender has the right to present evidence and cross-examine witnesses, and after which the hearing examiner must make "specific, written, detailed, and individualized findings" supporting the board's final classification. *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd., supra* at 91, 98, 102-104.

In 1999, the Legislature repealed the existing statute and enacted the present sex offender registry statute to provide more adequate protection of procedural rights. See St. 1999, c. 74, § 2. See also *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex*

*Offender Registry Bd.*, 447 Mass. 768, 775-776 (2006); *Roe* v. *Attorney Gen.*, 434 Mass. 418, 419, 423 (2001). As a result, a sex offender is now entitled by statute to request an evidentiary hearing to challenge the board's recommended classification, to be represented by counsel at that hearing and to have counsel appointed if he is indigent, and to put the board to its burden to prove the appropriateness of its recommended classification by a preponderance of the evidence. G. L. c. 6, § 178L.

Under G. L. c. 6, § 178L (1), a sex offender waives these due process rights by failing timely to request a classification hearing; the statute provides no other way in which a sex offender can waive the right to a hearing. The board, however, has promulgated a regulation, 803 Code Mass. Regs. § 1.13(2), providing that a sex offender who has invoked his due process rights by requesting a hearing waives his right to that hearing by failing to appear without good cause.

The board claims that this regulation is a valid exercise of its rule making authority pursuant to G. L. c. 6, § 178D, which provides that "[t]he board shall promulgate rules and regulations to implement the provisions of sections 178C to 178P, inclusive." We disagree. Because we have recognized and the Legislature has acted to protect the constitutional rights of sex offenders who face classification determinations, and the Legislature provided for waiver of these due process rights only where a sex offender did not request a hearing, we conclude that 803 Code Mass. Regs. § 1.13(2) is not in harmony with the legislative mandate and is ultra vires. See *Commonwealth* v. *Maker*, 459 Mass. 46, 50 (2011) (regulation requiring level two or three sex offenders who were incarcerated during classification to report in person to local police department within two days of being released from custody was ultra vires, where nothing in statute authorized board to create new registration requirements); *Moot* v. *Department of Envtl. Protection*, 448 Mass. 340, 352-353 (2007), *S.C.*, 456 Mass. 309 (2010) (regulation exempting landlocked tidelands from licensing requirements that applied to uses or structures on tidelands was ultra vires because it relinquished Department of Environmental Protection's obligation under applicable statute to protect public's rights in tidelands).

We have held that a criminal defendant who has moved to suppress evidence but voluntarily fails to appear at the suppression hearing does not waive the right to suppress evidence or to have a hearing, but may waive the right to be present at that hearing. See *Robinson* v. *Commonwealth*, 445 Mass. 280, 290 (2005). Similarly, we have long held that a defendant who voluntarily absents himself from his trial after it has begun does not waive his right to trial but, in the discretion of the judge, may waive his right to be present for the remainder of the trial. *Id.* at 287-288. See *Commonwealth* v. *Flemmi*, 360 Mass. 693, 694 (1971). Just as the voluntary absence of these defendants does not waive the right to suppress unconstitutional evidence, the right to a verdict based on proof beyond a reasonable doubt, or the right, through counsel, to cross-examine prosecution witnesses and offer evidence in their own behalf, nothing in the sex offender registration statute or the Legislature's general grant of rule making authority suggests that a sex offender who invokes the right to a classification hearing but voluntarily fails to appear at the hearing has waived the right to detailed written findings justifying the board's final risk classification by a preponderance of the evidence or the right, through counsel, to present evidence or challenge the board's evidence at the hearing. We recognize that the potential consequences arising from a conviction are greater than those arising from classification as a sex offender, and that the latter is civil, not criminal, but a constitutionally protected liberty interest is at issue in both proceedings. See *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd.*, 428 Mass. 90, 100 (1998).

We agree with the board that a sex offender reasonably may suffer adverse consequences arising from the failure to appear at a classification hearing, but we do not agree that the denial of a right to a hearing may be among those consequences. By voluntarily failing to attend a classification hearing, the sex offender loses the ability to assist his attorney in challenging the classification, to testify at the hearing, and to listen to the evidence that will determine his classification. *Robinson* v. *Commonwealth, supra* at 290. But the regulation allows the board, without any findings and without judicial review, to assign a risk classification to a sex offender who voluntarily fails to

appear at the hearing. Like the judge below, we are "deeply troubled" by this consequence, because we have emphasized the importance of detailed written findings, guided by the factors in G. L. c. 6, § 178K, to ensure that "close attention has been given to the evidence as to each offender and that the classification for each is appropriate." *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd., supra* at 102. This regulatory waiver is not necessary to the administration of the board's classification procedure. The board may offer its documentary evidence and call witnesses just as it would if the sex offender were present, and the sex offender's attorney may cross-examine these witnesses and offer evidence on the sex offender's behalf.

The Legislature acted carefully to protect a sex offender's due process rights, and declared that a sex offender waives the right to a classification hearing only where the offender does not ask the board to be put to its burden to justify the classification. See G. L. c. 6, § 178L (1). We conclude, therefore, that the board's regulation exceeds the scope of its legislative mandate by declaring that a sex offender who has asked that the board be put to its burden and whose attorney is present and prepared to challenge the recommended classification waives the right to a classification hearing by failing to appear without good cause.[3]

*Conclusion.* We vacate the dismissal of the complaint, and direct the entry of a judgment vacating the board's classification and remanding the matter to the board for a classification hearing consistent with this opinion.

*So ordered.*

---

[3]In view of this conclusion, we need not decide whether Doe's failure to appear was without good cause. While we allow a hearing to go forward without the sex offender where he has waived his presence by voluntarily failing to appear, a hearing officer should continue to examine the reason for the sex offender's absence from the hearing and reschedule where an individual's absence is for good cause. See *Robinson* v. *Commonwealth*, 445 Mass. 280, 288-289 (2005); 803 Code Mass. Regs. § 1.13(2) (2002).