NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-169

GEORGE MACKIE

vs.

LISA MITCHELL[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, George Mackie, was confined to the

Massachusetts Treatment Center (MTC)[3] from July 24, 2018, until

---

[1] Individually and as former Superintendent of the Massachusetts Treatment Center.

[2] Carol Mici, individually and as Commissioner of Correction; Charles D. Baker, individually and as former Governor of the Commonwealth of Massachusetts; David Duarte, individually and as Superintendent of the Massachusetts Treatment Center; Joann Lynds, individually and as Deputy Superintendent of the Massachusetts Treatment Center.

[3] Because the plaintiff's claims rest on his assertion that the MTC is functionally equivalent to a State correctional institution, he contends that the MTC should be referred to as the Nemansket Correctional Center, pursuant to G. L. c. 123A, § 2.  In a 1998 opinion, the Supreme Judicial Court explained why the center continues to be referred to as the MTC despite legislation deeming it the Nemansket Correctional Center:

> "On January 14, 1994, the Legislature transferred control of the [MTC] from the Department of Mental Health to the Department of Correction and renamed it the Nemansket Correctional Center.  . . .  The Commissioner of Correction

March 23, 2022.  Prior to his release from the MTC, the plaintiff filed a complaint in the Superior Court against then-Governor Charles D. Baker and other State officials, asserting that the conditions of his confinement violated various State and Federal constitutional provisions, statutes, and regulations.[4]  A Superior Court judge dismissed the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), in a handwritten endorsement referencing the legal grounds articulated in the defendants' memoranda of law.  The plaintiff appealed.  Shortly after his appeal was entered in this court, the plaintiff was released from the MTC.  Accordingly, most of his claims are now moot, and as to them the appeal is dismissed.  As explained below, as to the plaintiff's claims that are not moot, we affirm the judgment dismissing the complaint.

Background.  In August 2009, the plaintiff was convicted of two counts of rape and sentenced to concurrent eight- to ten-

---

has determined that the [MTC] should continue to be referred to as the Massachusetts Treatment Center, apparently in deference to members of the Native American community who objected to the use of the name Nemansket to describe a center for sexually dangerous persons."

Wyatt, petitioner, 428 Mass. 347, 348 n.1 (1998).

[4] The complaint is unclear whether defendant Mitchell was sued in her capacity as the former Superintendent of the MTC or only in her individual capacity.  For purposes of this decision, we treat the complaint as though all of the defendants were sued in their official and individual capacities.

2

year prison terms.  This court affirmed the judgment in an unpublished decision.  <u>Commonwealth</u> v. <u>Mackie</u>, 85 Mass. App. Ct. 1104 (2014).

On June 19, 2018, the Commonwealth filed a petition pursuant to G. L. c. 123A, § 12 (<u>b</u>), alleging that the plaintiff was a sexually dangerous person (SDP) who should be committed to the MTC for an indeterminate period.  The following day, a Superior Court judge issued an order of temporary commitment pending a determination of probable cause.  See G. L. c. 123A, § 12 (<u>e</u>).  As a result, when the plaintiff's criminal sentences expired on July 24, 2018, the Department of Correction (DOC) transferred him to the MTC.

On July 23, 2019, after a hearing, a Superior Court judge found probable cause to believe that the plaintiff was an SDP and continued his temporary commitment pending trial.  On March 2, 2020, a jury unanimously found that the plaintiff was an SDP, and he was committed to the MTC for a period of one day to life.

The plaintiff appealed, and on July 29, 2021, this court vacated the Superior Court judgment, set aside the verdict, and remanded the case for further proceedings.  See <u>Commonwealth</u> v. <u>Mackie</u>, 100 Mass. App. Ct. 78, 91 (2021).  On March 22, 2022, the Commonwealth moved to dismiss its SDP petition against the plaintiff.  The motion was allowed, and the plaintiff was released from the MTC on March 23, 2022.

Mackie filed this action on June 6, 2019, while he was still confined at the MTC awaiting trial to determine whether he was an SDP. In his complaint, the plaintiff alleged that the conditions of his civil confinement at the MTC were no different than the conditions imposed on individuals who are sentenced to a term of incarceration following a criminal conviction.[5] The plaintiff averred that the imposition of such conditions violated his rights, including, among other things, those secured to him under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; various provisions of the Massachusetts Declaration of Rights; and DOC regulations, policies, and provisions of the General Laws "which deny the Plaintiff his right to a less restrictive environment."

Discussion. 1. Mootness. Given the plaintiff's release from the MTC on March 23, 2022, we first address the question of mootness. "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." Troila v. Department of Correction, 490 Mass. 1013, 1014 (2022), quoting Lynn v. Murrell, 489 Mass. 579, 582 (2022). "A party no longer has a personal stake in a case where a court can order no further effective relief" (quotations omitted).

---

[5] The complaint cites, inter alia, the plaintiff's inability to download certain music and books onto his tablet, restrictions on his mail, phone calls, and visitors, and the fact that he was subject to random strip searches.

Troila, supra.  Because the plaintiff is no longer confined at the MTC, his claims for declaratory and injunctive relief are moot.  See Pidge v. Superintendent, Mass. Correctional Inst., Cedar Junction, 32 Mass. App. Ct. 14, 19-20 (1992).

Although a court may exercise its discretion to decide a moot case where the issues are "capable of repetition, yet evading review," Harmon v. Commissioner of Correction, 487 Mass. 470, 472 (2021), we decline to do so here.  The reason lies in the potential duration of confinement for SDPs, which can extend for the entirety of an individual's natural life.  See G. L. c. 123A, § 14 (d).  See also DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 190 (2023), quoting First Nat'l Bank of Boston v. Haufler, 377 Mass. 209, 211 (1979) ("An issue apt to evade review is one which tends to arise only in circumstances that create a substantial likelihood of mootness prior to completion of the appellate process").  Indeed, there have been numerous actions challenging the conditions of confinement for persons deemed sexually dangerous.  See, e.g., Dutil, petitioner, 437 Mass. 9, 20 (2002).  Therefore, there is no reason to conclude that if similar claims arise, they will evade review.

The lack of equitable relief available to the plaintiff also moots the plaintiff's claims insofar as they are asserted against the defendants in their official capacities.  See

5

O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 140 (1993) (recovery from State officials sued in official capacity limited to equitable relief). See also Doe, Sex Offender Registry Bd. No. 474362 v. Sex Offender Registry Bd., 94 Mass. App. Ct. 52, 64 (2018) ("the Commonwealth and its officers are generally immune from suits for damages for actions taken as State officers, unless the Legislature has acted expressly to abrogate that immunity").

2. Dismissal of remaining claims. Because the plaintiff's release from the MTC did not moot his claims for monetary damages against defendants acting in their individual capacities, we now turn to the plaintiff's challenge to the dismissal of those claims. See Jiles v. Department of Correction, 55 Mass. App. Ct. 658, 661 n.5 (2002) ("A release from a challenged condition of confinement . . . does not render a case moot where the complaint includes claims of constitutional and statutory violations under the Federal and State civil rights acts, and the complaint, in addition to injunctive and declaratory relief, also includes . . . a demand for damages").

"We review the allowance of a motion to dismiss de novo, 'accept[ing] as true the allegations in the complaint and draw[ing] every reasonable inference in favor of the plaintiff.'" John Moriarty & Assocs. v. Zurich Am. Ins. Co.,

6

102 Mass. App. Ct. 474, 479 (2023), quoting Dartmouth v. Greater New Bedford Regional Vocational Tech. High Sch. Dist., 461 Mass. 366, 374 (2012). Dismissal under Mass. R. Civ. P. 12 (b) (6) is proper where a reading of the complaint establishes beyond doubt that the facts alleged do not support a cause of action that the law recognizes, such that the plaintiff's claim is legally insufficient. See Nguyen v. William Joiner Ctr. for the Study of War & Social Consequences, 450 Mass. 291, 295-296 (2007).

Here, we conclude that the plaintiff's claims were properly dismissed because the complaint failed to assert any facts plausibly suggesting that any individual defendant caused or contributed to any alleged constitutional violation or wrongdoing. See Foster v. Commissioner of Correction, 484 Mass. 1059, 1061 (2020) (dismissing claims against Governor where plaintiffs failed to allege Governor "had any direct, affirmative involvement in causing the challenged prison conditions"). See also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). In the absence of any allegations connecting the defendants to the alleged violations of the plaintiff's rights, the motion judge correctly concluded that the plaintiff failed to state a claim upon which relief may be granted.

Last, the plaintiff's claim that the motion judge was required to issue findings is without merit.  Pursuant to Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1408 (1996), "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule[] 12."  Because the plaintiff's motion was dismissed pursuant to Mass. R. Civ. P. 12 (b) (6), no findings of fact were required.[6]

So much of the plaintiff's appeal as concerns (1) his claims for injunctive and declaratory relief; and (2) all claims to the extent those claims are asserted against State officials acting in their official capacities, is dismissed as moot.  In all other respects, the judgment is affirmed.

By the Court (Blake, Grant & Smyth, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  August 23, 2023.

---

[6] Given our conclusion, and to the extent that the plaintiff's claims are not moot, because the motion to dismiss was properly allowed we need not address the plaintiff's argument that he was prejudiced by the failure to rule on his outstanding motions during the proceedings below.

[7] The panelists are listed in order of seniority.

8